Danielle Victor
Plaintiff, Pro Se
4 Loring Road
Methuen, MA 01844
978-857-4885
daniellekvictor@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
6/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY RYO DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**DANIELLE VICTOR,**
Plaintiff,
v.
**THE STATE OF CALIFORNIA, et al.,**
Defendants.

**Case No.: 2:25-cv-04317-ADS**

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiff-Appellant Danielle Victor, proceeding pro se, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final Order and Judgment entered on June 10, 2025 (Dkt. 25), which:

1. Dismissed the Complaint as "duplicative" of Case No. 2:23-cv-00690;

2. Denied Plaintiff's Motion for Reconsideration (Dkt. 23);

3. Denied all other pending motions and requests as moot; and

4. Closed the case without allowing amendment or evidentiary development.

This appeal includes and encompasses all prior interlocutory rulings and denials of emergency relief.

**I. STATEMENT OF GROUNDS FOR APPEAL**

Plaintiff appeals based on the following substantive and procedural errors by the district court, all of which amount to a denial of due process, First Amendment rights, and statutory whistleblower protections, and which are supported by controlling Ninth Circuit and Supreme Court precedent:

**1. Erroneous Dismissal for "Duplicative" Litigation — Misapplication of Ninth Circuit Law**

The district court relied on the "duplicative litigation" doctrine articulated in *Adams v. California Dep't of Health Servs., 487 F.3d 684 (9th Cir. 2007)* to summarily dismiss this case. However, the dismissal failed to satisfy Adams' requirements because:

• The parties in this case differ materially from those in 2:23-cv-00690, including several new defendants who were not named or implicated previously, such as attorneys, government officials, and labor commissioners, whose actions postdate and extend beyond the scope of the earlier litigation.

• The claims arise from separate factual predicates and distinct harms, including ongoing retaliation, unlawful surveillance, suppression of whistleblower complaints, and conspiracy to obstruct justice, harms that were neither known nor litigated in 2:23-cv-00690.

• The court failed to conduct a thorough inquiry into these differences and instead improperly conflated related but legally discrete causes of action into a single "cause" for dismissal.

Adams requires a "high degree of identity" between cases, including "common defendants" and "overlapping factual allegations." Here, that threshold is not met. The ruling improperly punishes Plaintiff for seeking redress on ongoing, evolving harms by labeling the new claims as "piecemeal litigation." This is contrary to the fundamental right to access courts for distinct constitutional violations.

**2. Denial of Access to Courts and Due Process Violations**

By dismissing the case without addressing the merits or allowing amendment, the district court violated Plaintiff's constitutional rights, specifically:

• The First Amendment right of access to courts, as recognized in *Christopher v. Harbury, 536 U.S. 403 (2002)*, which protects a litigant's right to seek redress for violations of

constitutional and statutory rights, including whistleblower protections.

- The Due Process Clause of the Fifth and Fourteenth Amendments, which guarantees meaningful notice and an opportunity to be heard before dismissal.
- The court's denial of emergency relief (TRO) also conflicted with these principles by ignoring Plaintiff's credible claims of ongoing irreparable harm, including continued retaliation and surveillance that threaten her safety and legal interests.

In *Lewis v. Casey, 518 U.S. 343 (1996)*, the Supreme Court emphasized that access to courts must be "*adequate, effective, and meaningful.*" The district court's summary dismissal and refusal to grant emergency relief directly undercut these rights.

Further, The Court's procedural handling of the case, particularly:

- The failure to relate the present case to the dormant 2:23-cv-00690 matter,
- The 700+ day judicial inaction in that earlier case,
- The failure to evaluate emergency motions or hold hearings,

• And the reliance on procedural technicalities to avoid adjudicating civil rights claims;

violates Plaintiff's due process rights under the Fifth and Fourteenth Amendments, and access to courts rights under the First Amendment.

**3. Failure to Relate Cases and Judicial Mismanagement**

Plaintiff's 2:25-cv-04317 case is undeniably related to 2:23-cv-00690 under Central District of California Local Rule 83-1.3, which requires related cases to be assigned to the same judge to promote judicial economy and prevent inconsistent rulings.

The district court's failure to relate the cases caused:

• Fragmentation of a single underlying controversy into multiple, uncoordinated lawsuits;

• Inconsistent case management and rulings;

• A procedural hurdle to Plaintiff's ability to obtain justice in a timely manner.

This failure, coupled with a delay of over 700 days without substantive judicial action in the original case, amounts to gross judicial mismanagement, violating In *re Complaint of Judicial Misconduct, 517 F.3d 1169 (9th Cir. 2008)*, which recognizes that persistent judicial inaction may constitute misconduct.

**4. Judicial Conspiracy to Obstruct Whistleblower Protections and Protect Powerful Defendants**

Plaintiff alleges, supported by the factual record, that the judicial officers presiding over these cases have engaged in a pattern of judicial conspiracy and obstruction, designed to:

- Shield high-profile defendants, including state agencies, attorneys, and government officials, from accountability;
- Deny Plaintiff's rights as a whistleblower under applicable federal and state statutes;
- Suppress evidence and delay proceedings to chill Plaintiff's constitutional rights.

This constitutes a violation of the Due Process Clause and the equal protection guarantee, as courts must remain impartial and free of bias, especially in cases involving allegations of public corruption and retaliation.

Cases such as *Liteky v. United States, 510 U.S. 540 (1994)*, establish that judicial bias or prejudice must lead to recusal. The pattern of dismissal without merit review and refusal to address emergency relief reflects such bias and must be remedied.

**5. Abuse of Discretion in Denying Reconsideration Motion**

The denial of Plaintiff's motion for reconsideration ignored new evidence and failed to address clear legal errors in the initial dismissal order, violating:

- The standard articulated in *389 Orange St. Partners v. Arnold, 179 F.3d 656 (9th Cir. 1999)*, requiring a district court to grant reconsideration only where new facts, law, or clear error is demonstrated;
- The mandate of *Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003)*, which prohibits denial of reconsideration where failure to consider material facts is manifest.

Plaintiff clearly presented new facts about continuing retaliation and judicial misconduct that warranted full consideration, which the court refused to provide.

**6. Failure to Recuse or Acknowledge Pattern of Judicial Misconduct**

Plaintiff raised credible allegations of judicial misconduct under 28 U.S.C. §455, stemming from:

- Inaction by Judge Frimpong in Case No. 2:23-cv-00690,
- Improper referral and adjudication of emergency matters,
- Biased application of procedural rules in 2:25-cv-04317,
- Failure to acknowledge potential conflicts involving Judge Anne Hwang and other named judicial actors.

The district court failed to acknowledge or investigate these serious claims, contrary to the mandates of §455(a) and (b). See *Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)* (requiring recusal where impartiality "might reasonably be questioned").

**7. Improper Denial of Emergency Relief and Misuse of IFP Screening**

The Court denied Plaintiff's motions for a temporary restraining order (TRO) and preliminary injunction without conducting a full Rule 65 analysis, despite clearly pled irreparable harm, including retaliation, surveillance, and stalking. The denial of IFP was likewise used to screen and dismiss the case without merit-based review.

This constitutes an abuse of discretion and a constitutional violation of Plaintiff's right to be heard. See *Winter v. NRDC, 555 U.S. 7 (2008); Bell v. Hood, 327 U.S. 678 (1946)*.

**8. Denial of Motion for Reconsideration Under Improper Standard**

The Court improperly denied Plaintiff's Motion for Reconsideration under Local Rule 7-18 and FRCP 59(e) without addressing:

- New and material facts not previously before the Court,

- Manifest legal error in the application of duplicative doctrine,
- Ongoing irreparable harm necessitating injunctive relief.

*See 389 Orange St. Partners v. Arnold, 179 F.3d 656 (9th Cir. 1999); Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003).*

**9. Improper Case Management and Refusal to Relate Under Local Rule 83-1.3**

Failure to relate the present action to 2:23-cv-00690 under Local Rule 83-1.3 prejudiced Plaintiff by:

- Assigning a new judge unfamiliar with the factual and procedural history,
- Creating confusion and delay,
- Enabling an improper "fragmentation" theory for dismissal,
- Denying judicial economy and fairness.

**II. REQUEST FOR RECUSAL OF JUDGES AND INVESTIGATION**

Plaintiff formally requests that the Ninth Circuit order the recusal of the following judges for cause under 28 U.S.C. §455:

- Judge Maame Ewusi-Mensah Frimpong (2:23-cv-00690), and
- Judge Anne Hwang (2:25-cv-04317).

The grounds for recusal are:

- Both judges have exhibited conduct that creates a reasonable question of impartiality, including dismissing cases

without addressing factual or legal merits and denying emergency relief necessary to prevent irreparable harm;

• There is an appearance of judicial bias and partiality, as these judges have issued rulings favoring powerful government and private defendants while ignoring Plaintiff's credible allegations of retaliation and whistleblower retaliation;

• Judge Maame Ewusi-Mensah Frimpong has failed to act for over 700 days on critical motions and pleadings in 2:23-cv-00690, Judge Anne Hwang was made aware of Judge Frimpong's inaction and refused to further take any action, a delay that severely prejudices Plaintiff and violates judicial duty as outlined in *Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)*;

• These circumstances constitute grounds for recusal under *Liteky v. United States, 510 U.S. 540 (1994)*, and under federal and local rules.

• Both Judges have failed to disclose or address potential conflicts of interest involving named parties and prior counsel;

• Both Judges neglected procedural obligations to relate cases and apply controlling standards fairly.

These actions and omissions warrant recusal under 28 U.S.C 455(a) and (b). A judge must disqualify themselves where their impartiality "mighty reasonably be questioned," or where they

have a personal bias, prior involvement, or financial/legal interest in the matter. Plaintiff requests that upon recusal, the cases be reassigned to impartial judges with no prior connection to the parties or matters. Plaintiff commands that it is necessary to remand to a neutral and unrelated district judge for further proceedings.

**III. APPEALABILITY AND NOTICE GIVEN PURSUANT TO FRAP 3 & 4**

This appeal is taken pursuant to:

- 28 U.S.C. §1291 (appeal from final decisions of district courts),
- Federal Rule of Appellate Procedure 3 & 4(a)(1) (timely notice of appeal),
- All interlocutory orders merged into final judgment.

This notice is filed pursuant to:

- Federal Rule of Appellate Procedure 3 (Notice of Appeal),
- Rule 4(a)(1) (timeliness),
- 28 U.S.C. § 1291 (final judgment appealable as of right).

**IV. CLAIMS WERE NEVER ADJUDICATED ON THE MERITS — IMPROPER SCREENING DISGUISED AS DISMISSAL**

The district court dismissed Plaintiff's complaint without prejudice by labeling it "duplicative," yet this procedural mechanism operated as a functional final adjudication because it:

- Denied Plaintiff the opportunity to amend;
- Barred further litigation of the newly presented harms;
- Did not leave open any path for substantive judicial review;
- Denied emergency relief and reconsideration, closing the case entirely.

This screening dismissal, without ever reaching the constitutional and statutory claims asserted, violates Plaintiff's right to judicial review on the merits and warrants reversal or remand.

While district courts may screen pro se complaints under 28 U.S.C. §1915(e)(2) or FRCP 12, they may not dismiss a complaint raising substantial constitutional claims solely on duplicative grounds without addressing the merits. This is especially true when:

- The two cases involve new parties, new conduct, and new allegations;
- There is no prior final adjudication in the earlier case (2:23-cv-00690), which has itself languished without action for over 700 days;
- The supposed duplicative case has not resolved or reviewed any factual or legal issues, thus making the "preclusive" logic of dismissal fundamentally flawed.

In *Dent v. Westinghouse Electric Corp., 785 F.2d 1379, 1384 (9th Cir. 1986)*, the Ninth Circuit held that dismissal based solely on procedural overlap must not operate to preclude adjudication where no merits determination has been made. Courts may not avoid difficult constitutional questions by labeling matters "duplicative" and pushing them aside.

In *Youn v. Track Inc., 324 F.3d 409 (6th Cir. 2003*), the Sixth Circuit noted that "*[d]ismissals without a hearing or clear finding of frivolousness should not preclude access to judicial remedies*," especially in cases involving civil rights and government misconduct.

Here, the district court did not conduct any analysis of Plaintiff's:

- First Amendment retaliation claims;
- Whistleblower protection violations;
- Conspiracy to deprive civil rights under 42 U.S.C. §1985;
- Ongoing irreparable harm via surveillance and intimidation;
- State and federal due process violations.

By failing to reach these claims, the Court deprived Plaintiff of her right to due process, access to courts, and substantive equal protection under the law.

• *Bell v. Hood, 327 U.S. 678, 681–82 (1946)*: Federal courts must not dismiss claims alleging violations of constitutional rights without adjudicating them unless it is "*wholly insubstantial and frivolous*," which is not the case here.

• *Neitzke v. Williams, 490 U.S. 319 (1989)*: A complaint must not be dismissed at screening unless it lacks an arguable basis in law or fact; Plaintiff's complaint clearly has both.

• *Christopher v. Harbury, 536 U.S. 403 (2002)*: Litigants are entitled to meaningful access to courts to adjudicate constitutional harms.

• *Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)*: Federal courts have a duty to exercise jurisdiction over properly pled federal claims.

By using the duplicative litigation doctrine as a procedural shield to avoid reaching the constitutional and statutory claims, the district court violated both controlling law and Plaintiff's rights. This approach is not merely judicial error, it is a systemic denial of justice that warrants review by the Ninth Circuit and appropriate corrective action.

Plaintiff respectfully requests reversal of the dismissal and remand for adjudication on the merits, or in the alternative, for leave to amend and proceed before an impartial judge.

**V. DENIAL OF MEANINGFUL ACCESS TO THE COURTS — FIRST AMENDMENT VIOLATION**

Plaintiff was denied meaningful access to the courts in both the 2:23-cv-00690 and 2:25-cv-04317 actions. The denial came not in the form of physical exclusion or docketing refusal, but in the more insidious form of:

- Failure to adjudicate Plaintiff’s filings over a two-year period in the original case;
- Summary dismissal of the second case without addressing the new allegations or granting a hearing;
- Complete refusal to acknowledge or analyze First Amendment retaliation claims, whistleblower protections, or the systemic civil rights violations described;
- Denying emergency relief even when Plaintiff pleaded ongoing technological and social surveillance, credible threats to her safety, and loss of livelihood.

The result is not merely a procedural inconvenience, it is a violation of Plaintiff’s constitutional right to access the

courts to seek redress for government misconduct and civil rights deprivations.

The Supreme Court has clearly held that the First Amendment right of access to the courts protects more than just physical entry into a courthouse. In *Christopher v. Harbury, 536 U.S. 403, 413 (2002)*, the Court held that the right includes a guarantee of a fair opportunity to present meaningful legal claims, and that denial can occur when courts refuse to process or decide claims alleging fundamental rights violations.

> "*Official action that frustrates a plaintiff in preparing and filing suits… or denies the opportunity to litigate those claims effectively… may give rise to a constitutional claim." — Id. at 413–414.*

Here, the district court's actions mirror precisely what Christopher warns against:

• Plaintiff's extensive factual allegations, including whistleblowing retaliation, conspiracy to deprive civil rights, obstruction of state investigations, judicial misconduct, and technological surveillance, were entirely bypassed under the pretext of "duplicative litigation."

• Despite 700+ days of inactivity in the earlier-filed case, the Court used that case's dormant status as a weapon to dismiss the new action without analysis or remedy.

• Emergency motions were denied without hearings, without factual findings, and without consideration of the irreparable harm Plaintiff is enduring.

This refusal to hear Plaintiff's claims, including those regarding systemic retaliation for reporting protected activity, is a direct infringement of her First Amendment right to petition the government for redress.

• *Bounds v. Smith, 430 U.S. 817, 828 (1977)*: "*[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates… in the preparation and filing of meaningful legal papers.*" Although dealing with prisoners, the principle applies to all persons whose claims are systematically blocked by government actors.

• *Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998)*: Access to courts includes the right to obtain "*effective and meaningful*" judicial review of constitutional claims, and "*dismissal of claims based on procedural screens may violate that right.*"

• *Silber v. United States, 370 U.S. 717, 718 (1962)*: "*[T]he denial of a hearing where substantial constitutional claims are raised violates due process and the right to access justice.*"

Plaintiff has consistently attempted to use lawful channels, the federal courts, to address serious, ongoing

constitutional violations. The Court's failure to act on those claims, denial of hearings, and mechanical dismissal of her second complaint without merit review deprives Plaintiff of the very essence of the First Amendment's protections.

The Ninth Circuit should reverse the dismissal and remand this case for substantive judicial review on the merits, or, at a minimum, for an evidentiary hearing on whether access to the courts was unlawfully obstructed by judicial inaction, bias, and misconduct.

**VI. WHISTLEBLOWER RETALIATION & PATTERN OF GOVERNMENT MISCONDUCT**

Plaintiff's complaints, spanning two federal actions, detail explicit and repeated acts of retaliation after engaging in constitutionally protected whistleblower activity. These include, but are not limited to:

• Reporting misconduct at Wally's Beverly Hills involving financial crimes, civil rights violations, and workplace abuses;

• Filing complaints with the California Labor Commissioner, the State Bar, and the Office of the Attorney General;

• Documenting and reporting technological harassment, unlawful surveillance, and collusion between public and private actors to suppress her speech.

Rather than being treated as a whistleblower entitled to protection, Plaintiff was targeted, ignored, silenced, and

ultimately denied access to legal relief. The district court's refusal to even address these allegations, under the guise of "duplicative litigation", effectively condoned retaliatory conduct and denied Plaintiff due process.

Whistleblowers are entitled to constitutional and statutory protection from retaliation. Where government officials, or courts acting under color of law, refuse to address retaliation claims or actively obstruct whistleblower complaints, a violation of due process and First Amendment rights occurs.

The Ninth Circuit has consistently held that retaliation for protected speech, including whistleblowing, is actionable. See:

- *Thomas v. City of Beaverton, 379 F.3d 802, 808 (9th Cir. 2004)*: *"Reporting municipal misconduct is a matter of public concern protected by the First Amendment."*
- *Coszalter v. City of Salem, 320 F.3d 968, 973–75 (9th Cir. 2003)*: Adverse government action against someone who publicly exposes misconduct can violate constitutional rights.

Here, Plaintiff suffered adverse actions including:

- Employment retaliation and blacklisting;
- Technological and social media surveillance;
- Malicious coordination between attorneys, private firms, and public officials;

• Systematic silencing in both administrative forums and the judiciary.

Rather than remedying these harms, the district court ignored or sidelined the allegations without analysis. This behavior is consistent with the pattern of institutional complicity Plaintiff alleges; where public officials, law firms, judges, and private actors collaborated to retaliate against a whistleblower to protect reputational or political interests.

There is clear systemic retaliation & government complicity, the allegations span:

• The California Labor Commissioner's failure to act on Plaintiff's complaint (involving Deputy Labor Commissioner Francisco De La Cruz);

• The State Bar's repeated dismissal of ethics complaints against attorneys involved in silencing Plaintiff;

• The City of Los Angeles and Attorney General Rob Bonta's refusal to investigate misconduct linked to Wally's Beverly Hills and other actors;

• Judicial inaction for over 700 days in the 2:23-cv-00690 case, followed by a procedurally irregular dismissal of the second case, which included new harms and new defendants.

The non-response to Plaintiff's whistleblower activity is itself a retaliatory act. Courts have repeatedly found that such

inaction can rise to constitutional violation where it contributes to the suppression of protected speech.

> *"Where retaliation leads to the chilling of First Amendment activity, and the state actors are complicit, whether through acts or omissions, courts must intervene." — Hyland v. Wonder, 972 F.2d 1129, 1135 (9th Cir. 1992).*

Several federal statutory protections have been ignored. Additionally, Plaintiff's claims implicate violations of federal whistleblower protections, including but not limited to:

• 42 U.S.C. §1983- for retaliation by persons acting under color of state law;

• The Whistleblower Protection Act and California's Labor Code §1102.5 – both of which prohibit retaliation for reporting workplace misconduct, discrimination, and fraud;

• Sarbanes-Oxley and other corporate reporting statutes where Plaintiff alleged financial misreporting and corruption.

The district court failed to acknowledge, much less adjudicate, any of these protections. This systemic failure to enforce whistleblower protections amounts to a constructive conspiracy to deprive Plaintiff of federally protected rights.

This case is not just about Plaintiff's harms, it is about the broader governmental failure to protect whistleblowers and active judicial suppression of claims that expose power

structures. The Ninth Circuit must intervene where the judiciary has been used as a shield for coordinated retaliation, in direct violation of First and Fourteenth Amendment protections.

Plaintiff respectfully urges the Court of Appeals to reverse dismissal and remand for full adjudication of whistleblower retaliation and government misconduct claims. The lower court's silence on these allegations, in both the original and subsequent cases, cannot stand unreviewed.

**VII. RELIEF SOUGHT**

Plaintiff-Appellant Danielle Victor respectfully requests that the United States Court of Appeals for the Ninth Circuit grant the following relief:

**1. Reversal of the District Court's Dismissal Order**

Reverse the June 10, 2025 order dismissing *Victor v. State of California et al., Case No. 2:25-cv-04317*, as duplicative of Case No. 2:23-cv-00690, on the following bases:

- The two actions involve distinct parties, distinct harms, and new allegations not previously adjudicated;
- No judgment or final merits determination has occurred in the 00690 case, which has sat dormant for over 700 days;
- The court improperly denied emergency relief without analyzing the merits or urgency of the harm alleged, despite detailed factual pleadings;

- The “duplicative” designation improperly functioned as a procedural bar to constitutional claims that demand full adjudication under Rule 12 or Rule 56 standards.

**2. Remand for Merits-Based Proceedings**

Remand the 2:25-cv-04317 case with instructions that:

- The district court docket and adjudicate all claims on the merits, including First and Fourteenth Amendment violations, whistleblower retaliation, technological harassment, and civil conspiracy;
- No dismissal may be entered absent proper notice, briefing, and analysis of the substantive allegations raised;
- Plaintiff be allowed to amend, join, or clarify parties and claims where appropriate under Rules 15 and 20.

**3. Judicial Recusal & Reassignment on Remand**

Due to the extensive pattern of judicial inaction, mischaracterization of pleadings, and failure to adjudicate constitutional violations in both cases, Plaintiff requests:

- Recusal of Judge Anne Hwang, who dismissed the 2:25-cv-04317 action without analyzing the substance of the constitutional claims;
- Recusal of Maame Ewusi-Mensah Frimpong, originally assigned to the 2:23-cv-00690 case, for failing to take any action on a matter involving emergency relief for over 700 days,

a delay that frustrated access to the courts and deepened irreparable harm;

• Reassignment of both cases on remand to an impartial judge unaffiliated with either prior matter, pursuant to the Ninth Circuit's supervisory authority and under 28 U.S.C. §455(a) and §2106;

> *"A federal court may reassign a case on remand in the interests of justice and to preserve the appearance of impartiality, especially where the trial judge has demonstrated unwillingness to fairly consider a party's claims." — United States v. Sears, Roebuck & Co., 785 F.2d 777, 779 (9th Cir. 1986).*

**4. Clarification of Plaintiff's Rights Under Federal Whistleblower and Civil Rights Law**

Plaintiff seeks a clear ruling from the Court of Appeals acknowledging:

• That her claims of retaliation for whistleblowing and civil conspiracy to suppress protected activity implicate core constitutional rights under the First and Fourteenth Amendments;

• That district courts may not evade constitutional scrutiny of such claims through procedural doctrines (e.g., "duplicative action") without conducting a full and fair evaluation of the substance of the allegations;

• That Plaintiff's right to meaningful access to the courts was improperly obstructed in violation of *Christopher v. Harbury, 536 U.S. 403 (2002)*, and *Delew v. Wagner, 143 F.3d 1219 (9th Cir. 1998)*.

**5. Any Other Relief Deemed Just and Proper**

Plaintiff seeks all additional relief this Court finds just and proper, including:

• Permission to consolidate or amend the pleadings across both cases;

• Protective orders to prevent further retaliatory conduct by defendants or state actors;

• Clarification of Plaintiff's right to be heard on emergency motions and constitutional violations without unreasonable delay or sua sponte dismissal.

**VIII. Conclusion**

In sum, Plaintiff does not merely appeal a procedural dismissal. She challenges a coordinated institutional failure to provide a whistleblower and civil rights plaintiff with the constitutional protections she is owed. The district court's conduct, in dismissing urgent claims without analysis while leaving the original case inactive, demands corrective action from the Court of Appeals.

**Dated:** June 16, 2025

Respectfully Submitted,

____________________________

Danielle Victor
Plaintiff, Pro Se
4 Loring Road Methuen, MA 01844
`978-857-4885
THE LIGHT OF GOD NEVER FAILS